# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYMOND McLAUGHLIN, | : | |
| Plaintiff, | : | CASE NO. 3:18-cv-2063 (MPS) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, et al., | : | |
| Defendants. | : | JANUARY 10, 2019 |
| | : | |

## INITIAL REVIEW ORDER

Plaintiff Raymond McLaughlin, currently incarcerated at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island, filed this case under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*. 403 U.S. 388 (1971). The plaintiff names five defendants: the United States, former United States Attorney Deidre Daly, Assistant United States Attorney Henry Kopel, IRS Agent Michael Dragon,[1] and IRS Agent Gus. The plaintiff contends that the defendants falsely arrested and falsely imprisoned him. All individual defendants are named in individual and official capacities. The plaintiff seeks damages and a declaration that his Fourth Amendment rights have been violated.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28

---

[1] This defendant is included on the docket as Michael Oragon. A review of the complaint indicates that the named defendant is Michael Dragon. The Clerk is instructed to correct the docket accordingly.

U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff paid the filing fee.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

I.  Allegations

On June 8, 2017, IRS Agents Dragon and Gus arrested the plaintiff. ECF No. 1, ¶¶ 10-11. Since July 23, 2018, he has been confined at the Donald Wyatt, Detention Facility. *Id.*, ¶ 12.

II. Analysis

The first defendant is the United States. Any claim against the United States for violation of the plaintiff's Fourth Amendment rights is barred by sovereign immunity. *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) (United States has not waived sovereign immunity for claims that government employees committed constitutional torts). Accordingly, the claims against the United States are dismissed pursuant to 28 U.S.C. § 1915A(b)(2). *See Grant v. United States*, 2018 WL 3574865, at *4 (S.D.N.Y. July 25, 2018) (dismissing Fourth Amendment claim against the United States for lack of subject matter jurisdiction).

As all remaining defendants are federal employees, the Court considers this action to be filed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*. 403 U.S. 388 (1971), which permits suits against federal officials in their individual capacities for violation of constitutional rights. As *Bivens* permits suits against federal officials only in their individual capacities, all claims against the remaining defendants in their official capacities are dismissed.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures shall not be violated...." U.S. Const. Amend. IV. *Bivens* claims for false arrest and or false imprisonment are based on the Fourth Amendment's right to be free from unreasonable seizures, including arrest without probable cause. Claims for false arrest and false imprisonment, whether brought under 42 U.S.C. § 1983, pursuant to *Bivens,* or under state law, are analyzed under the laws of the state in which the plaintiff was allegedly illegally arrested or imprisoned. *See Davis v. Rodriguez,* 364 F.3d 424, 433 (2d Cir.2004) ("In analyzing 1983 claims for unconstitutional false arrest, we have generally looked to the law of the state in which the arrest occurred.") (citing cases); *El Badrawi v. Department of Homeland Sec.,* 579 F. Supp. 2d 249, 269 (D. Conn. 2008) ("The elements of false arrest/false imprisonment under Connecticut law are essentially the same elements needed to articulate a Fourth Amendment violation.") (citations omitted); *Davis v. United States,* 430 F. Supp. 2d 67, 79, 80 (D. Conn. 2006) (false arrest claims filed "pursuant to § 1983 or *Bivens* are governed by state substantive law") (citation omitted).

It is well-established that the existence of probable cause is a complete defense to claims for false arrest and false imprisonment under both federal and Connecticut law. *See Tyus v. Newton*, No. 3:13-cv-1486(SRU), 2015 WL 5306550, at *7 (D. Conn. Sept. 10, 2015) (citations

3

omitted). Probable cause for an arrest is established by conviction for the charge underlying the arrest. *Corsini v. Brodsky*, 731 F. App'x 15, 18 (2d Cir. 2018) (citing *Cameron v. Forgarty*, 806 F.2d 380, 388-89 (2d Cir. 1986)). Further, favorable termination is an element of a federal claim for false arrest or false imprisonment. *Jordan v. Town of Windsor*, No. 3:17-cv-427(MPS), 2018 WL 1211202, at *6 (D. Conn. Mar. 8, 2018) (citations omitted); *see also Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) ("Favorable termination is an element of a Section 1983 claim sounding in false imprisonment or false arrest.").

The Court takes judicial notice of the plaintiff's federal criminal case, *United States of America v. McLaughlin*, No. 3:17-cr-129(MPS), which was filed on June 8, 2017, the same day he was arrested. *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of court documents); *Johnson v. Pugh*, No. 11-CV-385(RRM)(MDG), 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) (taking judicial notice of plaintiff's conviction in action for false arrest). The plaintiff was convicted on one count of the indictment filed. As he was convicted on one of the charges for which he was arrested, the plaintiff's false arrest and false imprisonment claims necessarily fail.

III. Conclusion

The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 10th day of January 2019 at Hartford, Connecticut.

/s/ MICHAEL P. SHEA
Michael P. Shea
United States District Judge